IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEMEX EXPLORACIÓN Y PRODUCCIÓN, | § | |
| individually and as assignee | § | |
| AGE REFINING, INC., FLINT | § | |
| HILLS RESOURCES, L.P., and | § | |
| VALERO MARKETING AND SUPPLY | § | |
| COMPANY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| MURPHY ENERGY CORPORATION, | § | |
| HIGH SIERRA CRUDE OIL & | § | |
| MARKETING, LLC, successor to | § | |
| PETRO SOURCE PARTNERS, L.P., | § | CIVIL ACTION NO. H-12-1081 |
| ST. JAMES ENERGY OPERATING, | § | |
| INC., F&M TRANSPORTATION, INC., | § | |
| PLAINS MARKETING L.P., | § | |
| SUPERIOR CRUDE GATHERING, INC., | § | |
| CONOCOPHILLIPS CO., FR MIDSTREAM | § | |
| TRANSPORT L.P. f/k/a TEXSTAR | § | |
| MIDSTREAM TRANSPORT, LLC, | § | |
| MARATHON PETROLEUM CO., L.P. | § | |
| f/k/a MARATHON PETROLEUM CO., | § | |
| LLC, SHELL CHEMICAL CO., SHELL | § | |
| TRADING US CO. ("STUSCO"), and | § | |
| SUNOCO PARTNERS MARKETING & | § | |
| TERMINALS, L.P., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, PEMEX Exploración y Producción ("PEP"), has brought suit against multiple defendants for claims arising from sales in the United States of natural gas condensate allegedly stolen from PEP in Mexico.  On February 11, 2013, the court issued a Memorandum Opinion and Order (Docket Entry No. 150) dismissing the claims that

plaintiff asserted against the following defendants:  Murphy Energy
Corporation; High Sierra Crude Oil & Marketing, LLC; Big Star
Gathering Ltd., LLP; St. James Energy Operating, Inc.; F&M
Transportation, Inc.; Plains Marketing, LP; and Superior Crude
Gathering, Inc.   Pending before the court are three motions for
summary judgment filed by the remaining defendants:  (1) Defendants
Shell Trading US Company, Shell Chemical LP, Marathon Petroleum
Company, LP, and FR Midstream Transport LP's Motion for Summary
Judgment (Docket Entry No. 171); (2) Motion for Summary Judgment of
Defendant ConocoPhillips Company (Docket Entry No. 172); and (3)
Motion for Summary Judgment of Defendant Sunoco Partners Marketing
& Terminals L.P. (Docket Entry No. 174).   For the reasons stated
below, the pending motions for summary judgment will be granted,
and the cross-claims that defendants have asserted against one
another will be dismissed as moot.

## I.   Standard of Review

Summary judgment is authorized if the movant establishes that
there is no genuine dispute about any material fact and the law
entitles it to judgment.   Fed. R. Civ. P. 56(c).   Disputes about
material facts are "genuine" if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.
Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).   The
Supreme Court has interpreted the plain language of Rule 56(c) to
mandate the entry of summary judgment "after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc), (quoting Celotex, 106 S. Ct. at 2553).

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-2554). See also Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial."). "[T]he nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little, 37 F.3d at 1075. In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110

(2000).  Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." <u>Little</u>, 37 F.3d at 1075.

## II.  <u>Analysis</u>

All defendants argue that they are entitled to summary judgment on all of the live claims asserted against them in this action.   All defendants argue that plaintiff's claims for conversion and for equitable relief (constructive trust, unjust enrichment, and money had and received) are barred by the Texas two-year statute of limitations and/or are subject to summary judgment because plaintiff cannot present evidence sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.   Regarding the conversion claims, defendants argue that plaintiff cannot trace the condensate allegedly purchased by each defendant to thefts that occurred in Mexico.  Regarding the claims for equitable relief, defendants argue that plaintiff is unable to present any evidence capable of establishing entitlement to relief. Defendants Marathon and ConocoPhillips additionally argue that based on the court's prior rulings they are entitled to summary judgment on the Mexican law claims asserted against them. Plaintiff opposes the motions for summary judgment, but concedes that under the current parameters of this lawsuit it is unable to present evidence capable of raising a genuine issue of material

-4-

fact on any of its claims against the defendants who have moved for summary judgment.

**A.  ConocoPhillips and Marathon Petroleum Are Entitled to Summary Judgment on Mexican Law Claims**

On June 8, 2012, the court issued a Memorandum Opinion and Order (Docket Entry No. 106), granting motions to dismiss claims based on Mexican law filed by defendants Sunoco Partners Marketing & Terminals, LP ("Sunoco"); Shell Chemical Co. ("Shell Chemical") and Shell Trading US Co. ("STUSCO"); and FR Midstream Transport, LP ("FR Midstream").[1]  Conoco Phillips and Marathon Petroleum argue that the claims asserted against them based on Mexican law are barred by the court's prior rulings on Mexican law claims.  Although plaintiff has not responded directly to ConocoPhillips' and Marathon Petroleum's argument that the Mexican law claims asserted against them are barred by the court's prior rulings, plaintiff has conceded that it has no live claims against these defendants.[2]  Moreover, Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no

---

[1]See Memorandum Opinion and Order, Docket Entry No. 106 (granting motions to dismiss Mexican law claims asserted against defendants Sunoco, STUSCO, Shell Chemical, and FR Midstream).  See also Minute Entry Order, Docket Entry No. 107, p. 2 ("For the reasons stated in a Memorandum Opinion and Order to be issued later today, the motions to dismiss claims asserted under Mexican law urged by Sunoco, the Shell entities, and FR Midstream will be granted with respect to the claims asserted under Mexican law and those claims will be DISMISSED WITH PREJUDICE.").

[2]PEMEX Exploración y Producción's Consolidated Opposition to Defendants' Motions for Summary Judgment ("Plaintiff's Consolidated Opposition"), Docket Entry No. 183, p. 2.

opposition."  For the reasons stated in the court's June 8, 2012, Memorandum Opinion and Order (Docket Entry No. 106),[3] the motions for summary judgment on Mexican law claims urged by ConocoPhillips and Marathon will therefore be granted.

**B.    Shell Chemical, Marathon Petroleum, FR Midstream, ConocoPhillips, and Sunoco Are Entitled to Summary Judgment on Conversion Claims and Claims for Equitable Relief**

Defendants Shell Chemical, Marathon Petroleum, FR Midstream, ConocoPhillips, and Sunoco argue that they are entitled to summary judgment on plaintiff's claims for conversion and for equitable relief because these claims are all time barred.  These defendants also argue that they are entitled to summary judgment on plaintiff's claims for conversion and equitable relief because plaintiff has failed to cite evidence capable of raising genuine issues of material fact for trial on these claims.  In its consolidated response to the pending motions for summary judgment, plaintiff asserts that "[f]ollowing this Court's [September 30, 2013, Memorandum Opinion and] Order, [plaintiff] conceded to the Defendants that it had no live claims against any defendant in this matter other than STUSCO."[4]

---

[3]See also Memorandum Opinion and Order, Docket Entry No. 292, in Civil Action No. H-10-1997, PEMEX Exploración y Producción v. BASF Corp, et al. and Civil Action No. H-11-2019, PEMEX Exploración y Producción v. Big Star Gathering L.L.P. (concluding that Mexican law does not apply to claims asserted in related action and granting motions to dismiss those claims).

[4]Plaintiff's Consolidated Opposition, Docket Entry No. 183, p. 2.

1.   <u>Plaintiff's Claims Are Time Barred</u>

In plaintiff's consolidated opposition to the pending motions for summary judgment, plaintiff concedes that "[u]nder the current parameters of this lawsuit, PEP's claims against Conoco, Sunoco, Marathon, Shell Chemical and FR Midstream are completely barred by limitations."[5]   Plaintiff reiterates this acknowledgment in the supplemental response filed to STUSCO's motion for summary judgment.[6]   Although plaintiff urges the court to reconsider the limitations rulings made in the September 30, 2013, Memorandum Opinion and Order in Civil Action No. H-10-1997, <u>PEMEX Exploración y Producción v. BASF Corporation, et al.</u>,[7] plaintiff in that case filed and the court ruled on a motion for partial reconsideration in which plaintiff did not challenge the court's limitations rulings.[8]   Moreover, none of the arguments set forth in plaintiff's

---

[5]<u>Id.</u> at 5.

[6]PEMEX Exploración y Producción's Supplemental Response to Shell Trading U.S. Company's Motion for Summary Judgment (Plaintiff's Supplemental Response"), Docket Entry No. 189, p. 2 ("[I]f this Court applies the same limitations ruling as it did in the related BASF action, all of PEP's claims against all defendants are time-barred.").

[7]Plaintiff's Consolidated Opposition, Docket Entry No. 183, pp. 2-5; Plaintiff's Supplemental Response, Docket Entry No. 189, p. 2 ("PEP respectfully disagrees with the Court's strict application of Texas' statute of limitations to its claims and reserves its arguments previously raised, including that Mexican law applies to the conversion of Mexican sovereign property, and requests that the Court reconsider its limitations ruling.").

[8]<u>See</u> PEMEX Exploración y Producción's Motion for Partial Reconsideration and Opposition to Plains Marketing, L.P.'s Motion
(continued...)

opposition and supplemental opposition to the pending motions for
summary judgment persuade the court that its prior limitations
rulings were incorrect.  Since plaintiff concedes that all of its
pending claims against defendants ConocoPhillips, Sunoco, Marathon,
Shell Chemical, and FR Midstream are barred by limitations, the
motions for summary judgment on plaintiff's claims for conversion
and for equitable relief (constructive trust, unjust enrichment,
and money had and received) urged by these defendants will be
granted.

> 2.   <u>Plaintiff Has Failed to Cite Evidence Capable of Raising
>       Genuine Issues of Material Fact for Trial on Claims for
>       Conversion or Equitable Relief</u>

Conceding that the live claims asserted against defendants
Shell Chemical, Marathon Petroleum, FR Midstream, ConocoPhillips,
and Sunoco are all time barred, plaintiff argues that defendants'
other arguments for summary judgment based on plaintiff's inability
to present evidence capable of raising a genuine issue of material
fact for trial are "moot," "superfluous," and "unnecessary."[9]

---

[8](...continued)
for Certification and Entry of Final Judgment, Docket Entry
No. 620, in Civil Action No. H-10-1997.  <u>See also</u> February 11,
2014, Memorandum Opinion and Order, Docket Entry No. 636 at
pp. 9-10 entered in Civil Action No. H-10-1197 ("PEP has not asked
for reconsideration of the court's decision that conversion claims
asserted against Plains in the First Amended Complaint relate back
to May 29, 2011, or that conversion claims arising from
transactions that occurred more than two-years prior to that date
are time barred.").

[9]Plaintiff's Consolidated Opposition, Docket Entry No. 183,
p. 5.

Without citing any authority plaintiff argues that "[t]he Court should decline the Defendants' invitation to spend time analyzing many hundreds of pages of evidence that, because of the ruling on limitations, are simply not relevant at this point in the litigation."[10]  Nevertheless, plaintiff argues that its

> evidence as it stands is sufficient to survive summary judgment, resting on the supported premise that the Defendants were purchasing Mexican condensate at a time when no U.S. company could have legally obtained Mexican condensate because it was not being legally exported, and when drug gangs were actively stealing and smuggling the product.  *See* Exhibit 5 at 13-17.[11]

For the reasons set forth below, the court disagrees.

### (a)  Claims for Conversion

Defendants Shell Chemical, Marathon Petroleum, FR Midstream, ConocoPhillips, and Sunoco argue that they are entitled to summary judgment on plaintiff's conversion claims because plaintiff cannot trace the condensate allegedly purchased by each of them to thefts that occurred in Mexico.  In the September 30, 2013, Memorandum Opinion and Order issued in the related action the court held that

> in order to hold [a defendant] liable for conversion, PEP must trace condensate that was actually stolen from it in

---

[10]*Id.*

[11]*Id.* at 6 (citing The Opposition of Plaintiff PEMEX Exploración y Producción to the Dispositive Motions of Defendants Plains Marketing, L.P. (Dkt. 475), Murphy Energy Corporation (Dkt. 479), Superior Crude Gathering, Inc. and Jeff Kirby (Dkt. 486), BASF Corporation and BASF FINA Petrochemicals, LP (Dkt. 489), RGV Energy Partners, LLC and F&M Transportation, Inc. (Dkt. 517), Docket Entry Nos. 545-547 in related Civil Action No. H-10-1997).

Mexico to [the defendant]. PEP must also present evidence from which the jury could form a reasonably certain estimate of the amount of stolen condensate, if any, that [the defendant] purchased. . . . These issues are not required to be proven with exact certainty, only with reasonable certainty.[12]

As evidence that Sunoco and ConocoPhillips purchased stolen Mexican condensate, plaintiff argues that High Sierra representative David Kehoe testified in his deposition that "High Sierra bought Mexican condensate and unloaded it at Ingleside, Texas, into tanks from which blended crude would then be sold to Sunoco and Conoco."[13] The Kehoe testimony cited by plaintiff shows only that High Sierra stored allegedly Mexican condensate at Ingleside and that Conoco and Sunoco were two of many entities that purchased product from High Sierra's Ingleside facility. The evidence cited by plaintiff is not sufficient to create a genuine issue of material fact as to plaintiff's conversion claims against ConocoPhillips or Sunoco because that evidence would not allow a reasonable juror to conclude that either of these defendants purchased condensate that was actually stolen from PEP in Mexico. Nor would plaintiff's cited evidence allow a juror to form a

_____

[12]Memorandum Opinion and Order, Docket Entry No. 607 in related Civil Action No. H-10-1997, p. 52. See also id. at 10-14 (discussing Texas conversion law), 44-54 (analyzing tracing requirements with respect to conversion claims asserted against Plains Marketing), 102-08 (analyzing tracing requirements with respect to conversion claims asserted against BASF and BFLP), 126-30 (analyzing tracing requirements with respect to conversion claims asserted against Murphy Energy).

[13]Plaintiff's Consolidated Opposition, Docket Entry No. 183, p. 6 (citing Exhibit 7 at 112:13-15; 117:17-20).

reasonably certain estimate of the amount of stolen condensate that either defendant purchased.   Accordingly, even if plaintiff's conversion claims against ConocoPhillips and Sunoco were not time-barred, ConocoPhillips and Sunoco would still be entitled to summary judgment on those claims.

As evidence that Marathon and FR Midstream purchased stolen Mexican condensate, plaintiff cites the deposition testimony of STUSCO representative Ed Vrana.[14]   Plaintiff argues that Vrana's testimony shows that Marathon and FR Midstream purchased stolen condensate from STUSCO, which STUSCO had purchased from JAG.   The Vrana testimony cited by plaintiff shows only that Marathon purchased product that originated from JAG.   The Vrana testimony does not reference purchases by FR Midstream.   Nor does the Vrana testimony contain any information that would allow a juror to form a reasonably certain estimate of the amount of allegedly stolen condensate that either Marathon or FR Midstream purchased. Accordingly, even if plaintiff's conversion claims against Marathon and FR Midstream were not time-barred, Marathon and FR Midstream would still be entitled to summary judgment on those claims.

As evidence that Shell Chemical purchased stolen Mexican condensate, plaintiff cites pages 3 through 8 of Plaintiff PEMEX Exploración y Producción's Dispositive Motion, Docket Entry No. 492, in related Civil Action No. H-10-1997, and Exhibit 15

---

[14]<u>Id.</u> at 6-7 (citing Exhibit 13 at 76:6-21).

attached thereto, the Deposition of Donald P. Schroeder, Jr.   On
May 29, 2009, Schroeder pleaded guilty to knowingly conspiring to
receive and sell stolen condensate.[15]   Plaintiff argues that this
evidence shows that "Shell Chemical purchased stolen condensate at
least from SemCrude, which had purchased its Mexican condensate
from Continental Fuels."[16]   Assuming without deciding that
plaintiff's cited evidence is sufficient to raise a genuine issue
of material fact as to whether Shell Chemical purchased condensate
actually stolen from plaintiff in Mexico, plaintiff's evidence does
not raise a genuine issue of material fact for trial on plaintiff's
conversion claims against Shell Chemical because plaintiff's cited
evidence would not allow a juror to form a reasonably certain
estimate of the amount of stolen condensate that either defendant
purchased.   Accordingly, even if plaintiff's conversion claims
against Shell Chemical were not time-barred, Shell Chemical would
still be entitled to summary judgment on those claims.

           (b)   Claims for Equitable Relief

       Defendants Shell Chemical, Marathon Petroleum, FR Midstream,
ConocoPhillips, and Sunoco argue that they are entitled to summary
judgment on plaintiff's claims for equitable relief (constructive

---

       [15]See Memorandum Opinion and Order, Docket Entry No. 607, in
related Civil Action No. H-10-1997, p. 151.

       [16]Plaintiff's Consolidated Opposition, Docket Entry No. 183,
p. 7.

trust, unjust enrichment, and money had and received) because
plaintiff has neither pleaded facts nor presented evidence capable
of raising genuine issues of material fact on plaintiff's claims
for equitable relief (constructive trust, unjust enrichment, and
money had and received). In the September 30, 2013, Memorandum
Opinion and Order issued in the related action, the court held that
"[a] party may recover under the unjust enrichment theory when one
person has obtained a benefit from another by fraud, duress, or the
taking of an undue advantage." Heldenfels Brothers, Inc. v. City
of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992) (citing Pope v.
Garrett, 211 S.W.2d 559, 562 (Tex. 1948), and Austin v. Duval, 735
S.W.2d 647, 649 (Tex. App. — Austin 1987, writ denied)).[17] The
court held that to prove a claim for money had and received "a
plaintiff must show that a defendant holds money which in equity
and good conscience belongs to him." Edwards v. Mid-Continent
Office Distributors, L.P., 252 S.W.3d 833, 837 (Tex. App. — Dallas
2008, pet. denied).[18] The court also held that "to establish a
constructive trust the proponent must prove (1) the breach of a
special trust or fiduciary relationship or actual or constructive
fraud; (2) the unjust enrichment of the wrongdoer; and (3) tracing
to an identifiable res. Swinehart v. Stubbeman, McRae, Sealy,

---

[17]Memorandum Opinion and Order, Docket Entry No. 607 in related
Civil Action No. H-10-1997, p. 15.

[18]Id. at 17.

-13-

Laughlin & Browder, Inc., 48 S.W.3d 865, 878 (Tex. App. — Houston [14th Dist.] 2001, pet. denied)."[19]

Plaintiff has not responded to defendants' arguments that plaintiff has neither pleaded facts nor presented evidence capable of raising genuine issues of material fact on plaintiff's claims for equitable relief (constructive trust, unjust enrichment, and money had and received). Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." Because plaintiff has not cited evidence capable of proving that defendant Shell Chemical, Marathon Petroleum, FR Midstream, ConocoPhillips, or Sunoco obtained a benefit from plaintiff by fraud, duress, or taking undue advantage as required to prove a claim for unjust enrichment, that any of these five defendants hold money, which in equity and good conscience belongs to plaintiff, as required to prove a claim for money had and received, or that any of these five defendants committed actual fraud or shared with plaintiff an informal relationship of special trust or confidence as required to prove a claim for constructive trust, the court concludes that even if plaintiff's claims for equitable relief against them were not time-barred that these five defendants would still be entitled to summary judgment on plaintiff's claims for equitable relief.

---

[19]Id.

-14-

**C.  STUSCO is Entitled to Summary Judgment on Conversion Claims and Claims for Equitable Relief**

In plaintiff's consolidated opposition to defendants' motions for summary judgment, plaintiff argues that it has asserted claims against STUSCO that are not time barred.  STUSCO does not dispute that plaintiff has asserted claims against it that are not time barred but argues that it is nevertheless entitled to summary judgment on all of the claims that plaintiff has asserted against it because plaintiff is unable to cite evidence capable of raising genuine issues of material fact for trial.  In PEMEX Exploración y Producción's Supplemental Response to Shell Trading US Company's Motion for Summary Judgment (Docket Entry No. 189) plaintiff concedes that it is unable to cite evidence capable of raising genuine issues of material fact for trial on any of its conversion claims against STUSCO.  Plaintiff states:

> PEP hereby acknowledges that it has not proffered admissible evidence as to STUSCO's alleged conversions of PEP's condensate taking place *after* May 26, 2009 sufficient to create a fact question as to those transactions.  PEP has previously conceded that it lacks evidence to support claims against the other defendants in this matter (Marathon Petroleum Company, LP; ConocoPhillips Company; Sunoco Partners Marketing & Terminals, L.P.; FR Midstream Transport; Shell Chemical Company) for any transactions occurring within two years of PEP's Original Complaint (filed April 10, 2012) alleging claims against each.  *See* Dkt. 183 at 2.[20]

Accordingly, STUSCO is entitled to summary judgment on plaintiff's non-time barred conversion claims.

---

[20]Plaintiff's Supplemental Response, Docket Entry No. 189, p. 1.

Plaintiff has argued in its consolidated response that in the related Civil Action No. H-10-1997, plaintiff has, nevertheless, presented evidence capable of establishing that STUSCO purchased from JAG condensate stolen from plaintiff in Mexico.  Assuming without deciding that the evidence cited by plaintiff is capable of establishing that STUSCO purchased stolen Mexican condensate, the court concludes that STUSCO is nevertheless entitled to summary judgment on plaintiff's conversion claims because plaintiff has failed to cite any evidence that would allow a juror to form a reasonably certain estimate of the amount of stolen condensate that STUSCO purchased.  Accordingly, even if plaintiff's conversion claims against STUSCO were not time-barred, STUSCO would still be entitled to summary judgment.

Plaintiff has not responded to STUSCO's motion for summary judgment on plaintiff's claims for equitable relief.  For the reasons stated in § II.B.2(b), above, the court concludes that even if plaintiff's claims against STUSCO for equitable relief were not time-barred, STUSCO would still be entitled to summary judgment on those claims.

### III.  Conclusions and Order

For the reasons explained above, Defendants Shell Trading US Company (STUSCO), Shell Chemical LP, Marathon Petroleum Company, LP, and FR Midstream Transport LP's Motion for Summary Judgment (Docket Entry No. 171) is **GRANTED**; (2) the Motion for Summary

Judgment of Defendant ConocoPhillips Company (Docket Entry No. 172) is **GRANTED**; and (3) the Motion for Summary Judgment of Defendant Sunoco Partners Marketing & Terminals L.P. (Docket Entry No. 174) is **GRANTED**. Since the court has granted the defendants' motions for summary judgment, the third-party complaints and cross-claims that cross-plaintiffs Sunoco and ConocoPhillips have asserted against cross-defendants High Sierra Crude Oil & Marketing, successor to Petro Source Partners, LP, and Superior Crude Oil Gathering, Inc. are **MOOT** because these cross-claims are premised upon cross-plaintiffs being held liable to plaintiff PEMEX.

     **SIGNED** at Houston, Texas, on this the 30th day of May, 2014.

 

SIM LAKE
UNITED STATES DISTRICT JUDGE